IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| DEMARCUS DAVE GRABERT, | |
| Petitioner, | |
| v. | Civil Case 2:24-CV-074-Z<br>(Criminal Case 2:21-CR-045-Z-BR-1) |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

**MEMORANDUM OPINION AND ORDER DENYING
MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

Petitioner Demarcus Dave Grabert filed a motion to vacate, set aside, or correct sentence ("Motion") under 28 U.S.C. Section 2255 by a person in federal custody. ECF No. 2. Having considered the Motion, the responses and replies thereto, the record, and applicable authorities, the Court hereby **DENIES** the Motion for the reasons stated below.

**BACKGROUND**

The record in Grabert's underlying criminal case, No. 2:21-CR-45-Z-BR-1 (the "CR"), shows the following:

On October 12, 2021, Grabert pleaded guilty to one count of Distribution and Possession With Intent to Distribute Psilocin, in violation of 21 U.S.C. Sections 841(a)(1) and (b)(1)(C). CR ECF Nos. 233, 466. After Grabert's guilty plea, the probation officer prepared a presentence report ("PSR"), attributing 2,145.61 kilograms of converted drug weight to Grabert, and showing that Grabert's base offense level was 30. CR ECF No. 269-1 ¶ 61. After increases for special offense characteristics and reductions for acceptance of responsibility, his total offense level was 31. *Id.* ¶¶ 62-70. His sentencing guideline range was 135 to 168 months. *Id.* ¶ 114. On March 4, 2022, the Court sentenced Grabert to a term of imprisonment of 168 months, followed by three years of supervised release. CR ECF No. 362. Grabert filed

a direct appeal, which was dismissed by the Fifth Circuit as frivolous on July 31, 2023. CR ECF No. 471; *see also United States v. Grabert*, No. 22-10287, 2023 WL 4864838 (5th Cir. July 31, 2023).

On April 5, 2024, Grabert timely filed this motion to vacate, alleging that the amount of converted drug weight attributed to him in the PSR was incorrect, thereby resulting in an incorrect guideline range and an erroneous sentence. CR ECF No. 483; ECF No. 2. In response to Grabert's motion, the government noted its inability to assess whether any prejudicial error had occurred because the PSR did not provide a factual basis for the entirety of the converted drug weight that it attributed to Grabert for the purposes of relevant conduct. ECF No. 5 at 10. The Court ordered the U.S. Probation Office to file an addendum to the PSR (the "PSR Addendum") to detail the attributed drug quantity. ECF No. 7. The PSR Addendum was filed on August 19, 2024, and showed that the proper amount of converted drug weight attributable to Grabert is 1,530.52 kilograms rather than 2,145.61 kilograms. CR ECF No. 487. Both Grabert and the government were given an opportunity to review the PSR Addendum and address the effect, if any, of the new information on Grabert's pending motion. ECF No. 7. The government filed its response on August 22, 2024. ECF No. 9. Although Grabert sought an extension of time in which to file his supplemental brief, which was granted, he did not file a supplement. ECF Nos. 11, 12.

**GROUNDS FOR THE MOTION**

Grabert asserts that his trial counsel was ineffective for (1) failing to object to the PSR before sentencing because it erroneously attributed 2,145.61 kilograms of converted drug weight to Grabert; (2) failing to object to the PSR's determination of his base offense level; (3) failing to object to his Level III criminal history category; and (4) failing to object to the sentencing guideline range. ECF No. 2 at 4–5.

2

**STANDARD OF REVIEW**

After conviction and exhaustion or waiver of a defendant's right to appeal, courts are entitled to presume that the defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164–65 (1982); *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final only on issues of constitutional or jurisdictional magnitude, and may not raise an issue for the first time on collateral review without showing both cause for his procedural default and actual prejudice resulting from the errors. *Id.* at 232.

Section 2255 does not offer recourse to all who suffer trial errors. "[A]n error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." *United States v. Addonizio*, 442 U.S. 178, 184 (1979). Section 2255 is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack. *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517–18 (5th Cir. 1978)).

Section 2255 motions do not automatically require a hearing. *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. 1981); *see also* Rule 8 of the Rules Governing Section 2255 Proceedings. "When the files and records of a case make manifest the lack of merit of a Section 2255 claim, the trial court is not required to hold an evidentiary hearing." *Hughes*, 635 F.2d at 451. A prisoner is not entitled to an evidentiary hearing unless he or she "presents

'independent indicia of the likely merit of [his] allegations.'" *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013). The Court has reviewed the record and concluded that an evidentiary hearing is not necessary because the record categorically refutes Grabert's claims, as set forth below.

ANALYSIS

Grabert claims that his attorney's performance was deficient for failing to object to the PSR because it attributed the wrong amount of converted drug weight to Grabert, and Grabert contends the number should be much lower. Grabert further alleges that this error led to an improper (1) offense level determination, (2) criminal history category, and (3) sentencing guideline range, because all were dependent on the erroneous converted drug weight calculation. ECF Nos. 2 at 5, 3 at 9.

To prevail on an ineffective assistance of counsel claim, a movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Id.*; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000) ("Failure to meet either the deficient performance prong or the prejudice prong will defeat a claim for ineffective assistance of counsel."). Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

"Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010). The likelihood of a different result "must be substantial, not just

conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the petitioner must overcome a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689.

Grabert correctly argues that the 2,145.61 kilograms of converted drug weight attributed to him in the PSR was erroneous. Instead, as shown in the PSR Addendum, the correct converted drug weight attributable to Grabert is 1,530.52 kilograms. CR ECF No. 487 at 2. Although the PSR contains detailed descriptions of the source(s) of the drugs attributed to Grabert, it fails to provide the converted drug weight totals attributed to him in Paragraph Nos. 25 and 43–44 of the PSR. CR ECF No. 269-1. Further, while Paragraph No. 50 of the PSR states that drugs, currency and a weapon were seized from co-Defendants Chandler Smith and Andre Lewis and attributed to Grabert, it provides neither the amount of drugs seized nor the converted drug weight attributed to Grabert. *Id.* at 15. The unspecified amounts of drugs confiscated from Smith comprise much of the converted drug weight attributed to Grabert in the PSR.[1]

Because of these deficiencies, the Court asked the U.S. Probation Office to provide the missing information, which it did in the PSR Addendum. While the underlying facts regarding the drugs did not change in the PSR Addendum, the amount of converted drug

---

[1] According to the PSR Addendum, 1,404.60 kilograms of the converted drug weight attributed to Grabert were seized from Smith's residence. *See* ECF Nos. 269-1 at ¶ 50, 487-1 at 2.

5

weight attributable to Grabert was lowered from 2,145.61 kilograms to 1,530.52 kilograms.[2] CR ECF No. 487-1 at 2.

Assuming for the purposes of Grabert's motion that his counsel was ineffective for failing to object to the unsupported PSR calculations, the question before the Court is whether such ineffective assistance prejudiced Grabert, as is required by *Strickland* before Grabert is entitled to habeas relief. To show prejudice, Grabert must establish a reasonable probability that, had counsel objected, "the result of the proceeding would have been different." *United States v. Owens*, 94 F.4th 481, 486 (5th Cir. 2024). In the context of ineffective assistance of counsel at sentencing, the petitioner must demonstrate that the sentence was increased by the deficient performance of defense counsel. *Glover v. United States*, 531 U.S. 198, 200, 203–04 (2001).

Grabert cannot show that he was prejudiced by counsel's failure to object to the PSR omissions. The revised converted drug weight quantity of 1,530.52 kilograms, as shown in the PSR Addendum, does not change Grabert's base offense level of 30. *See* USSG Section 2D1.1(c)(5) (establishing the threshold for base offense level 30 at 1,000 kilograms of converted drug weight). Grabert's sentencing guideline range was calculated using a base offense level of 30. Accordingly, even if Grabert's counsel had objected to the converted drug weight set out in the PSR and the amount had been corrected before sentencing, Grabert's base offense level, and thus sentencing guideline range of 135 to 168 months, would not have changed. Further, Grabert was aware of the total converted drug weight of 2,145.61

---

[2] In the case of Grabert's co-Defendant Grant Leonard Glover, the probation office submitted a PSR addendum before sentencing that substantially revised the converted drug weight associated with this event from 2,145.61 kilograms to 1,670.26 kilograms. *See United States v. Glover*, No. 2:21-CR-045-Z-02 at ECF No. 351-1. The record does not indicate why the revision was not made for Grabert, who was sentenced about a week after the PSR addendum was filed in Glover's case. Regardless, however, the revision would not have changed Grabert's base offense level.

6

kilograms at the time of sentencing, even though the PSR did not provide all relevant calculations as to how that number was determined. Grabert has not shown that his sentence increased due to his counsel's allegedly ineffective conduct. *See Glover*, 531 U.S. at 203.

In addition, at sentencing, the Court noted that it would have imposed the same sentence regardless of whether the advisory guidelines range had been calculated incorrectly, and it would have imposed the same sentence for the same reasons set forth at the sentencing hearing. CR ECF No. 404 at 27-28. *See United States v. Pyle*, No. 24-10307 (5th Cir. 2024) ("Even when a district court fails to consider the correct sentencing guideline range, an error may be harmless if the proponent of the sentence convincingly demonstrates both (1) that the district court would have imposed the same sentence had it not made the error, and (2) that it would have done so for the same reasons it gave at the prior sentencing."). Grabert cannot establish that he was prejudiced by counsel's allegedly ineffective assistance because the PSR omissions had no effect on his sentence.

For the reasons stated above, Grabert's motion to vacate is **DENIED** with prejudice.

**SO ORDERED.**

May 23, 2025

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE